Bogardus agt. Doty.

———————

RACHEL BOGARDUS agt. JAMES DOTY and FREDERICK COTTING.

Where a defendant moves to perpetually stay execution, or satisfy the judgment, on the ground that the judgment has been paid, and sworn copies of the receipts of payment are produced, and part of the payments having been explained on the part of the plaintiff, in such a manner that the motion on that ground is defeated; and the defendant then seeks to be let in to defend on the merits, he must have a *regular affidavit of merits for the motion ;* the receipts of payment produced are not such evidence of merits as to dispense with a regular affidavit of merits.

*February Term,* 1846.

MOTION by defendant, Doty, for a perpetual stay of execution, and for an order declaring the judgment satisfied.

Judgment was entered in this cause in the court of common pleas of Dutchess county, on or about the 13th September, 1844, for damages and costs, $560.54. On the 17th February, 1845, the judgment was assigned to John Cotting by the plaintiff. On the same day and after the assignment, A. Wager, Esq., paid to John Cotting, on the judgment, $268.02, and took his receipt, a copy of which was produced and read. On the 31st July, 1845, John Cotting prosecuted the judgment in this court, and served a copy of the declaration on defendant Doty only. On the 14th of August, A. Wager, Esq., served notice of retainer on plaintiff's attorney, for defendant Doty. On the 5th of September, Wager received notice of taxation of costs, which was the only notice received by him in the cause from plaintiff's attorney. On the 10th September, judgment was entered in the cause in this court for debt for the whole amount of the judgment in the common pleas, to wit: for $560.54 and $65.61 costs. On the 23d December last, an execution was issued for the whole

amount of debt and costs, with directions to levy on the joint property of both defendants, and the individual property of Doty only. Defendants' attorney stated that he supposed, by giving notice of retainer, he should be entitled to notice of assessment of the damages as interest on the judgment, and he then intended to have the deduction made of $268.02, which had been paid on the judgment, and thereby save defendant the expense of a plea and defence. Defend-
[*76] ants' *attorney stated that he had calculated the interest on the balance of the judgment, after deducting the payment of $268.02, up to the 9th January last, and made the amount $366.49, which amount he paid to the sheriff of Dutchess, together with all the sheriff's fees, and took his receipt, a copy of which was produced and read. Doty stated that the note, upon which the original judgment was obtained, was given for the benefit of Cotting: that he (Doty) was surety.

On the part of the plaintiff, it was denied that Doty was the surety on the note, and Cotting the principal; but the note was given by Cotting & Doty, and the funds all used in their copartnership business, as lumber dealers. After their dissolution, Cotting ascertained, on examination of their books, &c., that Doty would be indebted to him in about the sum of $1,100, and that the note held by the plaintiff was put into the hands of A. Wager, Esq., for collection, with the understanding between Cotting and Wager that the whole amount should be collected of Doty; soon after the note was left with Wager for collection, Cotting put into the hands of Wager $268.02 to apply on the note, upon the express and distinct understanding, between Cotting and Wager, that the same was to be applied only in case Cotting and Doty could settle their matters in a friendly way, and without going to law. Wager prosecuted the note to judgment against both defendants, and issued execution against both. It was stated that the amount of money paid by Wager, on the judgment, to John Cotting, was the same that Frederick Cotting left with Wager, to be applied only on the conditions mentioned.

It was stated by Cotting that he had made repeated efforts, in different ways, to settle with Doty, but Doty uniformly declined to do anything to effect a fair and equitable adjustment of their matters in dispute.

A. WAGER, *defendants' counsel and attorney.*
A. TABER, *plaintiff's counsel.*
J. V. A. LYLE, *plaintiff's attorney.*

BRONSON, Chief Justice. Denied the motion with costs, without prejudice.

Defendant's counsel insisted he should be let in to defend the judgment. It was objected that defendant had no affidavit of merits for the motion.

Defendant's counsel insisted that the special statement, that the judgment was paid and the receipts produced, was a sufficient affidavit of merits.

Chief Justice *held:* That there must be a regular affidavit of merits for the motion.